UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JORDAN DAVID KNIPPLING,

        Plaintiff,

   v.

GAIL ROBBINS,

        Defendant.

CASE NO. C15-5829 RJB-JRC

ORDER DENYING MOTION TO COMPEL

    This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*.

    Before the Court is plaintiff's Motion to Compel Discovery and Compel Interrogatories ("Motion"). Dkt. 14. Plaintiff argues that he served a discovery request pursuant to Fed.R.Civ.P. 34 on February 22, 2016 and defendant failed to respond within 30 days. *Id.* at 2. Plaintiff asks the Court to find that defendant waived objections by allegedly failing to respond timely to discovery requests. *Id.* Defendant Robbins responds that answers to interrogatories and requests for production, received from plaintiff on February 25, 2016, were properly

ORDER DENYING MOTION TO COMPEL - 1

responded to by mail on March 11, 2015 and that defendant has been in frequent communication with plaintiff via written correspondence. Dkt. 15 at 1-2.

The Court finds that the Motion should be denied because: 1) discovery responses were timely provided by defendant; and 2) plaintiff did not include a certification that he conferred, nor did he confer with defense counsel before he filed this Motion.

## **Facts**

In late February, plaintiff mailed a discovery request to defendant's counsel, which was titled "Plaintiff's Interrogatories and Request for Production of Documents" and contained twenty-one separate requests. Dkt. 15-1, Exhibit D at 16-31. Defense counsel received these requests on February 25, 2016. *Id*., Declaration of Haley Beach, ¶ 3. None of the specific requests was identified as to whether it was an interrogatory or request for production of documents, but defendant attempted to answer each request. *Id*.

On March 11, 2016, defense counsel mailed "Defendant's Objections and Answers/Responses" to Plaintiff. *Id*., Attachment A.  In an effort to more fully respond to plaintiff and provide information, the Legal Liaison Officer at the Washington Corrections Center and the Department of Corrections Grievance Manager assisted in the collection of information and documents. Dkt. 15 at 2.  These two individuals signed Defendant's Objections and Answers/Responses for the Department of Corrections and mistakenly, defendant's signature was left off the Objections and Answers/Responses initially sent to Plaintiff. Dkt. 15-1, Attachment A. Defense counsel signed the Objections in accordance with Fed. R. Civ. P. 33(b)(5). The response letter informed plaintiff that defendant had identified 176 pages of responsive records and provided a table identifying the records. *Id*.  Defense counsel further

1  informed plaintiff that he could receive twenty-five pages, double-sided and containing two
2  pages per side, free of charge, for a total of 100 free pages out of the 176. *Id*.

3      On March 18, 2016, defense counsel received a letter from plaintiff that stated: "You
4  need to send all the disclosure so I may copy it and send it back . . . I am the representative . . .
5  send them now or I will file for sanctions!" *Id.*, Attachment B. On March 22, 2016, defense
6  counsel replied that the records were in electronic format and plaintiff could designate a third
7  party to receive a CD containing the documents for no cost, or could receive paper copies at a
8  cost of ten cents per-page plus postage. *Id*., Attachment C. Defense counsel again informed
9  plaintiff that he could receive twenty-five pages, double-sided and containing two pages per side,
10  free of charge, for a total of 100 free pages out of the 176. *Id*.

11      On April 5, 2016, defense counsel received a letter in which plaintiff stated "you have
12  failed to respond to the 'interrogatories and request for production of documents'" because
13  defendant's signature was left off of the response. *Id*., Attachment D. On April 6, 2016, defense
14  counsel responded to plaintiff and included a signature page for Defendant's Objections and
15  Answer/Responses to Plaintiff's Interrogatories and Request for Production of Documents. *Id*.,
16  Exhibit E at 33-47.

17      On April 14, 2016, defense counsel received a letter from plaintiff in which he alleged
18  that defendant had waived objections by sending defendant's signature page eleven days after
19  March 25, 2016. *Id*., Attachment E. Plaintiff further alleged that defendant must answer all
20  interrogatories and requests for production as a result. *Id*. On April 22, 2016, defense counsel
21  received another letter similar to the April 14th letter. *Id*., Attachment F. On April 22, 2016,
22  defense counsel responded and informed plaintiff that counsel had signed for the objections and

23
24

1 they were thus properly preserved in accordance with Fed. R. Civ. P. 33(b)(5). *Id.*, Exhibit F at
2 49.
3   On May 4, 2016, defense counsel received a letter from plaintiff alleging that counsel had
4 not signed for the objections within the thirty-day period and that this would be "the last letter
5 before a motion is filed compelling discovery." *Id.*, Attachment G. The same date, counsel and
6 the Court received Plaintiff's Motion. Dkt. 14.

### **Discussion**

8   While a party may apply to the court for an order compelling discovery "upon reasonable
9 notice to the other parties and all persons affected thereby," the motion must include a
10 certification that the movant has in good faith conferred or attempted to confer with the person or
11 party failing to make the discovery in an effort to secure the information or material without
12 court intervention." Fed.R.Civ.P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a
13 party or person not making a disclosure or discovery requires a face-to-face meeting or a
14 telephonic conference." Local Rule CR 37(a)(2)(A).
15   After a review of the Motion and response, the Court finds that defendant's responses—
16 initially provided March 11, 2016, and provided again on April 6, 2016—complied with the
17 Federal Rules of Civil Procedure and were responsive to the plaintiff's requests. The Court
18 further finds that plaintiff failed to confer or attempt to confer in good faith with the party
19 allegedly failing to answer the discovery requests as required under Fed.R.Civ.P. 37(a)(2)(B).
20 The Court cautions plaintiff that the rules are designed to encourage the parties to work
21 cooperatively to resolve discovery disputes and should not apply to the Court unless they have
22 exhausted these efforts.
23 ///
24

1  Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel Discovery and Compel
2  Interrogatories (Dkt. 14) is **DENIED.**
3  Dated this 10th day of June, 2016.

J. Richard Creatura
United States Magistrate Judge