UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JORDAN DAVID KNIPPLING,

          Plaintiff,

   v.

GAIL ROBBINS,

          Defendant.

CASE NO. C15-5829 RJB-JRC

ORDER ON DISCOVERY MOTIONS

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*.

Presently before the Court are: 1) Plaintiff's Motion for Contempt and Sanctions (Dkt. 18); 2) Plaintiff's Motion to Compel (Dkt. 19); 3) Plaintiff's Motion to Compel Washington State Penitentiary to Give CD Legal Mail and Compel Use of the Law Library, Sanctions (Dkt. 23); and 4) Plaintiff's Motion for Contempt and Sanctions and Modify Scheduling Order (Dkt. 25). Defendant opposes all four motions. Dkts. 21, 27, 28, 29.

The Court finds that the motions should be denied because: 1) discovery responses were timely provided by defendant; 2) plaintiff does not demonstrate good cause to modify the

scheduling order; and 3) plaintiff reiterates the very same arguments made in his prior Motion to Compel (Dkt. 14), which was denied on June 10, 2016.

BACKGROUND

On May 5, 2015, plaintiff filed his first Motion to Compel Discovery and Compel Interrogatories. Dkt. 14. Plaintiff argued that he served a discovery request pursuant to Fed.R.Civ.P. 34 on February 22, 2016 and defendant failed to respond within 30 days. On June 10, 2016, the Court denied plaintiff's motion finding that defendant's responses—initially provided March 11, 2016, and provided again on April 6, 2016—complied with the Federal Rules of Civil Procedure and were responsive to the plaintiff's requests. Dkt. 17. The Court further found that plaintiff failed to confer or attempt to confer in good faith with the party allegedly failing to answer the discovery requests as required under Fed.R.Civ.P. 37(a)(2)(B). *Id*. The Court cautioned plaintiff that the rules are designed to encourage the parties to work cooperatively to resolve discovery disputes and should not apply to the Court unless the parties have exhausted these efforts. *Id*.

1. Motions To Compel

Plaintiff, once again, requests an order compelling defendant to produce, for inspection and copying, the documents he requested on February 22, 2016. Dkt. 19. Plaintiff also seeks an order compelling Washington State Department of Corrections ("DOC"), to produce the discovery CD-ROM and allow him the use of the law library computer. Dkt. 23.

A. Plaintiff's Contentions

Plaintiff claims that defendant has not provided all of the discovery he requested and that his public disclosure request produced more documents than what defendant provided in discovery. Dkt. 19 at 3. Plaintiff continues to demand free paper copies of all discovery. *See*

Dkt. 19.  Plaintiff also seeks an order requiring DOC, which is not a party to this action, to allow him to possess a CD with documents and use a computer in the law library.

B. Defendant's Contentions

Defendant asserts he properly responded to plaintiff's discovery requests. Dkt. 27. Defendant further argues that plaintiff's motion is based on misrepresentations of fact and a misunderstanding of the Federal Rules of Civil Procedure. *Id*. Defendant request that the Court deny plaintiff's motion and deny any pending motions (s*ee* Dkts. 23-26) alleging the same violations. *Id*.

Defendant states that after the Court denied plaintiff's first motion to compel, defense counsel arranged a telephone conference on June 28, 2016 with plaintiff to discuss discovery and plaintiff's concerns. Dkt. 22 at 2. Plaintiff accused defense counsel of lying and demanded that a CD containing discovery be sent to him because, according to plaintiff, he was allowed to possess CDs in prison and access the discovery on the CDs using a prison computer.  *Id.* Plaintiff argues that DOC inmates have never been prevented from possessing CDs. *Id*.  Counsel asked plaintiff to be respectful. *Id*. Defense counsel also advised plaintiff that it was her understanding that inmates were not allowed to receive CDs in prison. *Id* Defense counsel cautioned plaintiff that if a CD was sent to him, he would not be allowed to have it, which is why defense counsel offered to mail it to a third party.  *Id.*

Plaintiff again accused defense counsel of lying and refused to acknowledge that inmates are generally not allowed to receive CDs in prison. *Id.*   Therefore, defense counsel agreed to send plaintiff a CD as requested, but reminded him that he would likely not be able to possess it. *Id*. During the call, plaintiff also stated that he requested records from the DOC under the Washington Public Records Act, Rev. Code of Wash. 42.56, et seq., and that these responses

were yielding more documents than those provided during discovery. *Id*. at 3. Defense counsel asked plaintiff to identify which discovery responses he thought were deficient and he could not do so. *Id*. Defense counsel instructed plaintiff to write a letter indicating any concerns with discovery or if he needed to arrange another phone call. *Id*. To date, defense counsel has not received any communication from plaintiff identifying a specific deficiency in defendant's discovery responses. *Id.*

On July 5, 2016, defense counsel received a letter dated June 27, 2016, in which plaintiff stated that counsel needs "to tell the truth, that you received the documents in paper format and then turned them into a CD in order to deny the portions of request for documents. then acting like your the good attorney and saying you will Give me 25 pages at no cost." Dkt. 22-1 at 30. Plaintiff further stated that the provided "document list is also missing key documents so a full disclosure of documents in your discovery need to Be prompt." *Id*. On July 12, 2016, defense counsel received another letter from plaintiff, dated July 3, 2016, which stated: "may I remind you that I do get CD Discoverys and have a computer in the law library that I may view the disk. You need to send the CD Discovery as your office Already has it in their office." *Id.* at 38. On July 12, 2016, defense counsel mailed a CD containing all discovery responses to plaintiff as requested. *Id*. at 36.

On July 13, 2016, plaintiff filed a Motion for Contempt and Sanctions. Dkt. 18. On July 15, 2016, defense counsel received a letter from plaintiff, dated July 7, 2016, stating: "haley Beach you need to send all the Disclosure that is in Paper format to the plaintiff. so I may copy it and send it Back." Dkt. 22 at 38. Defense counsel has repeatedly informed plaintiff that if he wishes to receive paper copies, he may identify up to 100 pages he wishes to receive for free, and must pay ten cents for each additional page. Dkt. 27 at 5. Plaintiff has not identified the pages he

1  wishes to receive, nor has he identified legitimate and specific deficiencies with the discovery
2  responses. *Id.*

3      2.    <u>Motions For Contempt and to Modify the Scheduling Order</u>

4      Plaintiff argues that: 1) defense counsel lied about the documents not being in paper
5  format; 2) plaintiff's public records requests yielded more identified documents than the
6  discovery responses; 3) defendant or defense counsel were required to send him original
7  documents so that he could make copies in the prison law library and send them back; and 4)
8  defense counsel has misrepresented her efforts to this Court and misled plaintiff.  Plaintiff
9  requests a sanction in the amount of $100,000.00 and to allow a five month extension of the
10 dates on the current scheduling order. Dkt. 25.

11     Defendant opposes any modification of the current scheduling order and represents that
12 he and defense counsel have complied with all discovery, rules and court orders. Dkt. 29.

13     3.    <u>Analysis</u>

14     This Court has broad discretion to deny a motion to compel. *See Hallett v. Morgan*, 296
15 F.3d 732, 751 (9th Cir. 2002). Defendant has provided a response to plaintiff's permissible
16 discovery requests. Thus, there is nothing to compel. *See* Fed. R. Civ. P. 26(a)(3)(B).  Plaintiff's
17 motion merely reiterates the same substantive arguments of plaintiff's previous discovery motion
18 (Dkt. 14) and is meritless.

19     Plaintiff repeats his discovery requests in his motion, but does not argue how defendant's
20 responses are deficient or provide argument that plaintiff's discovery requests—as actually
21 written—sought relevant information likely to lead to the discovery of admissible evidence.
22 Defendant objected to five interrogatories and defendant's counsel stands on her objections,
23 which were timely signed by counsel and served on plaintiff. Dkt. 15-1 at 7.  Plaintiff has not
24

demonstrated that disclosure of any of the requested information is necessary. The Federal Rules of Civil Procedure do not require defendant to bear the burden of plaintiff's discovery costs. Defendant represents that he has identified documents responsive to the plaintiff's request and has made such documents available for plaintiff's review and copying by his representative. Paper copies have been offered for purchase at a cost of ten cents per page plus postage costs. Dkt. 22-1 at 19. In addition, defendant has offered to mail a disk with the documents to a third party, has mailed a disk containing all documents directly to plaintiff, has offered to provide up to 100 pages as a courtesy, and offered to print the responses double-sided and two-per-page to save plaintiff seventy-five-percent of the total cost. Dkt. 22-1.

The Court finds defendant properly responded to plaintiff's discovery requests. Plaintiff's motions are cumulative and are based on frivolous grounds and accusations, misrepresentations of fact and a misunderstanding of the Federal Rules of Civil Procedure. Plaintiff's letters have lacked a tone of cooperation, and, at times, appear to be threatening, i.e., "[s]end them now or I will file sanctions!" Dkt. 18-1 at 18. The Court finds no basis to impose sanctions under Fed. R. Civ. P. 37. Further, defendant has gone to lengths to comply with discovery, answer plaintiff's duplicative motions to compel and contempt, and has met the dispositive motion deadline by filing a motion for summary judgment on September 1, 2016.

The Court further finds that under Fed. R. Civ. P. 6(b), plaintiff has not demonstrated good cause to extend the dates in the scheduling order nor has defendant stipulated to an extension of dates. Under Local Civil Rule 16(b)(4), the parties are bound by the dates in the scheduling order based on the absence of good cause and without the Court's consent. Local Civil Rule 16(b)(4) specifically notes that "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(4).

1    With respect to plaintiff's request to compel the DOC to provide the CD and access to law library computer, DOC is not a party to this action and the Court will not attempt to compel DOC to act, particularly in a way that violates DOC's determination of how to best and most safely run its prisons. *See Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957) (it is axiomatic that federal courts do not have jurisdiction over non-parties).

Accordingly, the Court denies: 1) Plaintiff's Motion for Contempt and Sanctions (Dkt. 18); 2) Plaintiff's Motion to Compel (Dkt. 19); 3) Plaintiff's Motion to Compel Washington State Penitentiary to Give CD Legal Mail and Compel Use of the Law Library, Sanctions (Dkt. 23); and 4) Plaintiff's Motion for Contempt and Sanctions and Modify Scheduling Order (Dkt. 25).

Dated this 12th day of September, 2016.

J. Richard Creatura
United States Magistrate Judge