UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JORDAN DAVID KNIPPLING,

    Plaintiff,

v.

GAIL ROBBINS,

    Defendant.

CASE NO. 3:15-CV-05829-RJB-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL AND DENYING MOTION FOR EXPERT WITNESS

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    Currently before the Court is plaintiff's motion for appointment of counsel (Dkt. 36) and motion to appoint expert witness (Dkt. 37). Plaintiff also filed a declaration in support of his motions. Dkt. 38. Defendant opposes plaintiff's motions. Dkt. 40.

    Having reviewed the motions and the balance of the record, the Court finds that the motions should be denied because plaintiff has demonstrated his ability to articulate his claims

and there are no exceptional circumstances compelling the Court to appoint counsel or an expert witness at this time.

### 1. Motion to Appoint Counsel (Dkt. 36)

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether or not exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff's motion states that he has survived summary judgment and thus, he has set forth cognizable claims. Dkt. 36. Plaintiff states that the evidentiary issues in this case are complex and include testimony from "expert medical witness." *Id.* Plaintiff also filed a declaration in support of his motion. Dkt. 38. The Court notes that it previously dismissed plaintiff's equal protection and due process claims. Dkts. 34, 41. However, because defendant did not specifically address plaintiff's First and Sixth Amendment claims, the motion for summary dismissal of all

1  claims was not granted. *See id.* In a separate order, the Court will establish a briefing schedule
2  for dispositive motions on the remaining claims.

3  Here, plaintiff has demonstrated an ability to articulate his claims in a fashion that is
4  understandable to the Court. In addition this is not a complex case nor do plaintiff's § 1983
5  claims entitle him to representation. *See Storseth*, 654 F.2d at 1353. "Most actions require
6  development of further facts during litigation and a *pro se* litigant will seldom be in a position to
7  investigate easily the facts necessary to support the case. If all that was required to establish
8  successfully the complexity of the relevant issues was a demonstration of the need for
9  development of further facts, practically all cases would involve complex legal issues." *Wilborn*,
10 789 F.2d at 1331.

11 Although plaintiff's First and Sixth Amendment claims remain, those claims have not
12 survived summary judgment. Moreover, plaintiff has demonstrated his ability to articulate his
13 claim without an attorney and there are no exceptional circumstances compelling the Court to
14 appoint counsel at this time. The Court denies plaintiff's motion for appointment of counsel
15 (Dkt. 36).

16 **2. Motion to Appoint Expert Witness (Dkt. 37)**

17 Plaintiff moves for the Court to appoint an expert witness. Dkt. 37. Plaintiff contends that
18 an expert is necessary to determine whether he suffered physical and psychological injury as a
19 result of the denial of exercise. Dkt. 37. Plaintiff also filed a declaration in support of his motion.
20 Dkt. 38. Defendant opposes plaintiff's motion. Dkt. 40.

21 Federal Rule of Evidence 706 allows the court to appoint a neutral expert. *Students of*
22 *Cal. Sch. For the Blind v. Honig,* 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds,*
23 471 U.S. 148 (1985). The determination to appoint an expert rests solely in the court's discretion
24

and the complexity of the matters to be determined and the need for neutral expert review. *See Leford v. Sullivan,* 105 F.3d 354, 358-59 (9th Cir. 1997).

The Court finds that an expert is not required in this case. The question of whether defendant has violated plaintiff's First and Sixth Amendment rights is not so complicated or difficult that experts are required to present or prove the case. Accordingly, plaintiff's motion for the appointment of an expert witness (Dkt. 37) is denied.

Dated this 5th day of December, 2016.

J. Richard Creatura
United States Magistrate Judge